# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SMITH & WOLLENSKY RESTAURANT GROUP, INC., <br><br> Petitioner, <br><br> v. <br><br> MARK PASSOW, ASTRID ALEXANDRA RAMIREZ, REBECCA KILGALLON, DONA FRAENKEL, *et al.,* <br><br> Respondents. | CIVIL ACTION NO. 10-CV-11498 <br><br> **COMPLAINT** |

## INTRODUCTION

1. This is an action pursuant to 9 U.S.C. §§ 10 and 12 to vacate an arbitration award.

## PARTIES

2. Petitioner The Smith & Wollensky Restaurant Group, Inc. ("S&W") operates steakhouse restaurants in several cities around the United States.

3. Respondents Mark Passow, Astrid Alexandra Ramirez, Rebecca Kilgallon and Dona Fraenkel are four current and former employees of S&W's restaurant located in Boston, Massachusetts.

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, as the arbitration award at issue involves the interpretation of federal law.

5. Pursuant to 9 U.S.C. § 10(a), venue is proper in this District as the arbitration award was issued by an arbitrator appointed by the American Arbitration Association ("AAA") sitting in Boston, Massachusetts.

**FACTS**

6. Petitioner and Respondents are parties to arbitration agreements, each entitled the Dispute Resolution Agreement ("DRA"), which provide for binding arbitration of certain claims arising in the course of Respondents' employment with S&W under the auspices of the AAA. A copy of the DRA is attached hereto as Exhibit A.

7. On or about February 12, 2008, pursuant to the DRA, Respondents together initiated a single arbitration in Boston against S&W (hereinafter the "Arbitration"). Each of the four Respondents was a named Claimant in the Arbitration. They alleged that S&W violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Massachusetts Minimum Wage Act, Mass. Gen. Laws ch. 151 §§ 1, 7, and the Massachusetts Tip Statute, Mass. Gen. Laws ch. 149 § 152A. A copy of the Class Action Complaint in the Arbitration is attached hereto as Exhibit B.

8. Through their respective counsel, the parties to the Arbitration selected Allan van Gestel to serve as the Arbitrator.

9. The Class Action Complaint in the Arbitration alleged in part that Respondents' claims could be asserted as a class and/or a collective action pursuant to the statutes they invoked as the sources of their claims. As a result, the Arbitration has been administered under the AAA's Supplementary Rules for Class Action Arbitration ("Class Arbitration Rules").

10. The Class Arbitration Rules provide, in pertinent part, that before any substantial proceedings may occur, the arbitrator must first determine whether the arbitration agreement at issue contemplates the arbitration of class or collective claims. This phase of proceedings is known as Clause Construction.

11. On July 2, 2008, after briefing by the parties, the Arbitrator issued a Partial Final Award on Arbitration Clause Construction ("Initial Clause Construction Award"), in which he acknowledged that the DRA is silent as to whether it prohibits classwide arbitration, but held that the DRA does not preclude Claimants from seeking to pursue their claim on a class or collective basis.

12. On June 15, 2009, the Supreme Court granted *certiorari* in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*, in order to decide "[w]hether imposing class arbitration on parties whose arbitration clauses are 'silent' on that issue is consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*" 130 S. Ct. 1758, 1764 (2010). S&W then asked the Arbitrator to stay all proceedings in light of the anticipated decision in the case, which would concern the very issue addressed in the Initial Clause Construction Award. The Arbitrator denied the stay request, but stated that he and the parties would address the implications of the Court's decision when it was announced.

13. On April 27, 2010, the United States Supreme Court issued its decision in *Stolt-Nielsen*. The Court held, as a matter of law under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, that the parties' silence on the issue of classwide arbitration cannot constitute consent to permit arbitration on a classwide basis.

14. Based on the ruling in *Stolt-Nielsen*, and pursuant to S&W's request, the Arbitrator agreed to reconsider the Initial Clause Construction Award. Over the next several weeks, the parties submitted briefs on this issue, and the Arbitrator heard arguments from counsel on July 26, 2010.

15. On July 28, 2010, the Arbitrator issued a Memorandum and Order Regarding Reconsideration of the Arbitration Clause Construction (the "Revised Clause Construction Award"). A copy of the Revised Clause Construction Award is attached hereto as Exhibit C.[1]

## COUNT I

16. S&W restates and here incorporates by reference the allegations contained in paragraphs 1-15, above.

17. The Arbitrator, in the Revised Clause Construction Award, exceeded his authority by holding, contrary to *Stolt-Nielsen*, that the DRA permits arbitrations on behalf of a class of multiple claimants in a single arbitration.

18. Accordingly, the Arbitrator's determination in the Revised Clause Construction Award should be vacated.

---

[1] Although the Revised Clause Construction Award is dated July 28, 2010, it was not delivered to the parties until August 2, 2010.

## COUNT II

19. S&W restates and here incorporates by reference the allegations contained in paragraphs 1-18, above.

20. The Arbitrator, in the Revised Clause Construction Award, manifestly disregarded the law as set forth by the Supreme Court in *Stolt-Nielsen* as well as applicable state law.

21. Accordingly, the Arbitrator's determination in the Revised Clause Construction Award should be vacated.

## CONCLUSION AND REQUEST FOR RELIEF

**WHEREFORE**, S&W respectfully requests:

1. That this Court enter judgment in S&W's favor, vacating the Arbitrator's determination in the Revised Clause Construction Award;

2. That this Court remand the matter to Arbitrator van Gestel, directing him to proceed with each of Respondent's claims against S&W in separate arbitrations on an individual basis; and

3. That this Court grant S&W such other and further relief as may be just and proper.

Respectfully submitted,

THE SMITH & WOLLENSKY
RESTAURANT GROUP, INC.,

By its attorneys,

/s/ Brigitte M. Duffy
Brigitte M. Duffy (BBO # 565724)
Robert S. Whitman, *pro hac vice application forthcoming*
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

September 1, 2010

12655719v.3