## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
## GORDON D SCHABER COURTHOUSE
## MINUTE ORDER

DATE: 07/27/2010     TIME: 04:01:00 PM     DEPT: 54
JUDICIAL OFFICER PRESIDING: Shelleyanne Chang
CLERK: S. Brown, E. Higginbotham
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **34-2010-00073111-CU-OE-GDS** CASE INIT.DATE: 03/16/2010
CASE TITLE: **Galakhova vs. Hooters of America Inc**
CASE CATEGORY: Civil - Unlimited

**EVENT TYPE**: Motion - Other - Civil Law and Motion

**APPEARANCES**

Nature of Proceeding: Petition to Compel Arbitration (Taken Under Submission on 7/21/10)

**TENTATIVE RULING**

Defendants' motion to compel arbitration and stay proceedings is granted. The matter is ordered to arbitration and stayed pending the outcome of those proceedings.

Defendants seek to enforce identical arbitration agreements signed by the five named plaintiffs (May Galakhova, Nicholette Dizon, Caroline Knoll, Alena Kravchuk, and Jessica Steward). Pardini dec., exhs. 1-5. Plaintiffs contend the arbitration agreements are unenforceable due to unconscionability. Although the court agrees with plaintiffs that the agreements are procedurally unconscionable, the court finds that they are not substantively unconscionable and therefore the motion to compel must be granted. Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 114 (Procedural and substantive unconscionability "must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.")

The agreement to arbitrate is procedurally unconscionable due to oppression. (Defendants cite no authority for their claim that "[b]oth oppression and surprise must be proven by the party seeking to avoid enforcement of the agreement in order to demonstrate procedural unconscionability." Reply memo., p. 3. See Armendariz, 24 Cal.4th at 114 ("unconscionability has both a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise'"); Gentry v. Superior Court (2007) 42 Cal.4th 443, 468 ("oppression or surprise"); Discover Bank v. Superior Court (2005) 36 Cal.4th 148, 160 ("oppression or surprise"). The agreement is clearly a "take-it-or-leave-it" provision that prospective employees were required to sign in order to gain employment with defendants. See Pardini dec., exhs. 1-5, p. 1. ("Hostoo, Inc. and its subsidiaries and affiliates . . . will not consider your application unless this

Case 1:10-cv-11498-EFH Document 16-1 Filed 01/06/11 Page 2 of 3

CASE TITLE: Galakhova vs. Hooters of America Inc    CASE NO: **34-2010-00073111-CU-OE-GDS**

[Arbitration] Agreement is signed.") Thus, there is not only unequal bargaining power between the parties, there is also no possibility of negotiation or meaningful choice by the job seeker.

Plaintiffs contend the arbitration agreement is substantively unconscionable. According to plaintiffs, the agreement "is substantively unconscionable to the extent it is interpreted to include a class action waiver." Opp. memo., p. 5. Moreover, plaintiffs add, any implied waiver of plaintiffs' ability to act as private Attorneys General is unenforceable." Id., p. 7. The court has reviewed the arbitration agreement and finds that plaintiffs waived neither their right to arbitrate class-action claims or their right to act as private Attorneys General under Labor Code §§ 2698, et seq. Indeed, the agreement does not specially mention either of these rights. Pardini dec., exhs. 1-5.

Plaintiffs having failed to demonstrate that the arbitration agreement is both procedurally and substantively unconscionable, the court must grant defendants' motion to compel arbitration.

Defendants also contend that plaintiffs may not arbitrate their class claims, opening memo., p. 4, thus effectively obviating those claims. Defendants rely on a recent U.S. Supreme Court case, Stolt-Nielsen S.A. v. AnimalFeeds International Corp. (2010) 130 S.Ct. 1758. There, "the parties stipulated that there was 'no agreement' [between them] on the issue of class-arbitration." Id. at 1776. n. 10. As a result, the Court held "that the parties cannot be compelled to submit their dispute to class arbitration." Id. at 1776. The court agrees with plaintiffs that Stolt-Nielsen is distinguishable. Unlike the parties in Stolt-Nielsen, the parties here did not stipulate that there was "no agreement" between them "on the issue of class-arbitration." Thus, this court, unlike the Court in Stolt-Nielsen, has "occasion to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration. Id. at 1776 n. 10. The arbitration agreement here supports such a finding. The agreement provides that "all Claims," shall be arbitrated, including, but "not limited to, any claim whether arising under federal, state, or local law." Pardini dec., exhs. 1-5, p. 1. A class-action claim, of course, would be such a claim, as would a wage claim, which, as is the case with a class-action claim, is not specifically mentioned in the agreement. Further, the agreement lists specific matters that "are not subject to arbitration." Id. "'Claims' does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of 'Hooters Girl' is illegal and/or must be altered." Id. Class-action claims are not included in the exclusion list, which, the court notes, is not open-ended. Finally, the agreement also specifically states that it "shall not be construed to deprive a party of a substantive right preserved by law." Id. A class-action is such a right. CCP § 382. The court finds that the arbitration agreement includes an agreement that class-action claims, by either plaintiffs or defendants, were to be arbitrated. (This same analysis applies to plaintiff's claims under Labor Code § 2698, which is a "substantive right preserved by law.")

Based on the above, the court orders this matter to arbitration. The matters to be arbitrated include plaintiffs' class-action and Labor Code § 2698 claims, but not plaintiffs' claim for injunctive relief (ninth cause of action).

This minute order is effective immediately. No formal order pursuant to CRC rule 3.1312 or other notice is required.

**COURT RULING**

The matter was argued and submitted. The Court takes the matter under submission.

**SUBMITTED MATTER RULING**

CASE TITLE: Galakhova vs. Hooters of America Inc             CASE NO: **34-2010-00073111-CU-OE-GDS**

Having taken the matter under submission, the Court now rules as follows:

The tentative ruling is affirmed.

DATE: 07/27/2010                          MINUTE ORDER                              Page 3
DEPT: 54                                                                       Calendar No.